Matter of the Estate of HENRY DOUGLASS, Deceased.

(Surrogate's Court, New York County, August, 1918.)

Taxes — deduction of, under revenue act of September 8, 1916 — legacy — executors and administrators.

> The tax to which an estate is subject under the revenue act of September 8, 1916, should be deducted proportionately from each legacy; the amount to be deducted is that proportion of the entire tax assessed against the estate which an individual legacy bears to the entire net estate.
>
> The "net" estate to be used in computing the proportion of the tax to be paid by a legatee is not the net estate as defined by section 203 of said revenue act but the net estate as ascertained under the laws of this state by deducting funeral expenses, administration expenses and debts from the gross value of the estate.
>
> The tax under said revenue act being imposed upon the estate and not upon the interest of individual legatees, the executors should adopt the same rule in ascertaining the amount of tax to be deducted from a trust fund held for life beneficiaries.

PROCEEDING upon the judicial settlement of the account of executors.

Ira B. Stewart, for petitioners.

Fowler, S.  The executors have filed their account and ask the surrogate to determine whether the federal tax on estates, commonly known as the federal inheritance tax, should be deducted from the estate as an expense of administration, or proportionately from the interests of the legatees, and, if the latter, what method of computation should be used in ascertaining the amount to be deducted from the shares of the respective legatees.

The testator died on the 28th of December, 1916, and therefore his estate is subject to the tax imposed by the revenue act of September 8, 1916.  Section 201 of that act provides that " a tax  *  *  * is hereby imposed upon the transfer of the net estate of every decedent dying after the passage of this act."  Section 203 provides that the " net estate " shall be determined by deducting from the gross estate funeral expenses, administration expenses, claims against the estate, unpaid mortgages and an exemption of $50,000. After the net estate is thus ascertained a tax, graduated in accordance with the size of the estate, is imposed.  In the matter under consideration the net estate exceeds $300,000, and a tax of $6,850.63 has been paid to the federal government.  The question is: From what fund or funds is this tax to be paid, and if it is to be taken from different funds in what proportion is the deduction from the respective funds to be made?

While the act provides that the tax is imposed upon the transfer of the estate, and not upon the transfer of the interests of the respective legatees, it would be obviously unjust to the residuary legatees to deduct the tax in toto from the estate in the same manner as administration expenses are deducted.  The will of testator was executed before the passage of the revenue act, and there would therefore be no justifica-

tion for assuming that he contemplated the enactment of such a law and the payment of the tax exclusively out of the shares of the residuary legatees. The will being silent upon the question, it should be decided by the court upon principles of equity and justice, and it would be inequitable to charge the children of the testator, who are residuary legatees, with the payment of this tax while exempting from such payment collateral relatives who are the recipients of substantial testamentary gifts from the testator. It seems, therefore, that the tax should be deducted proportionately from each legacy, and that the amount to be deducted is that proportion of the entire tax assessed against the estate which the individual legacy bears to the entire net estate. By way of illustration, if the entire net estate were $100,000 there would be an exemption of $50,000, the tax under the act of 1916 would be $500 and the proportion of such tax which should be deducted by the executor from a legacy of $10,000 would be obtained by multiplying 500 by 10,000 and dividing the result by 100,000. The " net " estate to be used in computing the proportion of the tax to be paid by a legatee is not the net estate as defined in the revenue act, but the net estate as ascertained under the laws of this state by deducting funeral expenses, administration expenses and debts from the gross value of the estate.

As the tax is imposed upon the estate and not upon the interest of the individual legatee the executors should adopt the same rule in ascertaining the amount of tax to be deducted from the *corpus* of the trust fund directed to be held for the life beneficiaries.

Decreed accordingly.